BAKER, JUDGE:
Claimant Vennoria Ferrell seeks an award for death benefits, alleging that respondent Division of Highways negligently maintained the berm area on Big Harts Creek Road, Lincoln County Route 19, thereby resulting in the death of her son.
On December 10,1991, decedent Roger Billy Ferrell, 20 years of age, was driving a 1984 Ford Ranger truck westbound on Big Harts Creek Road in Lincoln County, when, for reasons unknown, he ran off the north edge of the roadway on the right side of the road. Mr. Ferrell's vehicle continued to travel approximately 150 feet along the berm on north edge of the road, then crossed back to the south side where it went over an embankment and overturned onto the passenger side. Mr. Ferrell was thrown from the vehicle and pinned beneath the truck. He died of compression asphyxia, according to the Medical Examiner's office.
It is not clear why Mr. Ferrell's truck initially left the pavement. The weather was clear; the paved road was dry, narrow and windy. It is the claimant's position that the berm was approximately eight to ten inches deep, and that when Mr. Ferrell's truck dropped off the pavement the depth of the berm caused him to lose control of his vehicle. When Mr. Ferrell tried to guide his truck back onto the pavement, the truck veered sharply to the left, crossed the road and went over the embankment. Claimant asserts that respondent was negligent for failing to improve the ditch and berm on the north side of the road . Respondent asserts that excessive speed and decedent's own negligence in running off the road and failing to regain control of his vehicle were equal *2 to or greater than any negligence by respondent.
There is little doubt that the berm on this section of road was unusually deep. Claimant's witness Curtis Adams, a former police officer, testified that about a week after the accident, he and the decedent's father measured the berm depth at between eight and ten inches. The police report and exhibits indicate that the truck left severe scrapes along north end of the pavement, apparently where the chassis of the truck grounded on the road.
Investigating State Trooper D.L. Kidd testified that where the truck re-entered the road, the berm was only two or three inches deep. Trooper Kidd stated that at the point where the vehicle re-entered the roadway, that the decedent had already lost control. It was his opinion that the decedent had been driving too fast to maintain control of his vehicle on this stretch of road, but he could not estimate how fast in fact the decedent was driving. (Kidd, 77-78, 88, 177-179). The posted speed limit was 3 5 miles per hour.
Respondent's maintenance records indicate that the last time respondent had performed any specific berm maintenance on this section of Big Harts Creek Road prior to the accident was in April 1989. The record also indicates that this section of road was resurfaced on or about August 27, 1991, and that respondent graded and filled in the berm shortly after the accident.
This Court is aware of the fiscal and manpower constraints under which respondent operates. Lincoln County maintenance supervisor Larry Pauley testified that Big Flarts Creek Road is a secondary road; that there are approximately 650 miles of dirt and paved roads in Lincoln County; and, that drainage and berm washouts along these roads are a persistent problem. (Pauley, 196-199). Maintenance crew leader Bill Topping testified that he had noticed a deep berm on the road on or about December 4, 1991, while engaged in related drainage work, and that berm and shoulder maintenance was needed generally along many Lincoln County roads. (Topping, 230-232).
The Court has held that there is a lower standard of care and maintenance required for berm and shoulder areas than for regularly traveled portions of a public road. In Whiteley vs. Division of Highways, Unpublished opinion issued January 6, 1993, (CC-90335), we declined to find the respondent negligent in a case very similar to the present case. In Whiteley, the claimant's vehicle traveled off the paved section onto the shoulder. When he tried to steer back on the road, his vehicle "tripped" on a berm approximately five inches deep and flipped over, resulting in his injury. We stated that berm drop-offs of four to five inches are not unusual in West Virginia and that the claimant's own negligence in failing to maintain his vehicle on the road precluded recovery.
The Court finds the reasoning in Whiteley to be persuasive in the present case. There is no evidence that Mr. Ferrell was forced onto the shoulder because of an emergency, such as an oncoming vehicle or such as defective pavement in his lane. The testimony and police report establish that Mr. Ferrell's excessive speed and failure to maintain control were significant contributing factors to this accident. Accordingly, the Court is of opinion to and does deny this claim.
Claim disallowed.

 This opinion was inadvertently omitted at the time of publication of Volume 20 of the Report of the Court of Claims.